**EDITH JOHANSEN EGLIN, Plaintiff**

v.

**TONY JAFOLLA, Defendant**

Civil No. 293-1967

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 18, 1967

JOHN W. NEWMAN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for plaintiff*

RICHARD B. CONKLIN, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

HOFFMAN, *Municipal Judge*

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

This matter came on for hearing on August 1, 1967. Plaintiff brought the action as one in Forcible Entry and Detainer seeking the possession of the premises on the grounds that the tenant under the lease had failed to pay for water furnished to the premises. It was also alleged that the tenant had failed to pay rent due on June 15, 1967, "punctually as it shall become due" in accordance with the terms of the lease. Plaintiff alleges that by virtue of the breaches of covenants in the lease the estate of defendant has become "absolutely determined." Plaintiff has requested other relief which in view of the Court's determination herein is unnecessary to consider. Concurrent with the filing of this action, plaintiff brought Civil No. 299-1967, a similar action against Joseph Smalls, a sublessee of the defendant in this action. As the issues in both cases were identical, it was agreed that the decision in the instant case would be determinative as to both actions.

It appears that on June 15, 1965, the parties entered into a lease for a period of two years, with an option to renew for an additional term of two years being granted to the tenant. The monthly payments of rent were $250.00, and the tenant further agreed to pay for potable water used on the premises over and above the minimum charge of

$1.50, a month, which was apparently to be borne by plaintiff.

Defendant, through his attorney, gave notice on November 15, 1966, that he would exercise his right under the option. On June 15, 1967, plaintiff, through her attorney, wrote a letter to defendant's attorney indicating that the lease would terminate at the close of business on that date because defendant had failed to pay a $10.00 water bill allegedly tendered defendant on May 11, 1967, covering the period from December, 1966, to February, 1967.

Subsequently, on July 19, 1967, plaintiff filed this suit, alleging failure to pay rent due on June 15, 1967, and failure to pay the water bill above referred to. Defendant timely answered, making an offer of payment of the water bill, but denying that he had ever received notice that any amount was due. Defendant also offered and tendered payment of $250.00, the rent due on June 15, 1967, alleging that the failure to pay it was due to plaintiff's notice that she would not accept his exercise of the option to renew for an additional term of two years. The rents from June 15, 1967, have remained unpaid as of August 7, 1967, but defendant has made further offer and tender of the rents owing.

Counsel for both parties have submitted memoranda of law. Certain remarks in the memorandum of counsel for plaintiff are inappropriate in a memorandum of law, and are not herein considered, having been the subject of an opinion in Civil No. 207-1967, and an order in Civil No. 164-1967, entered on even date herewith.

John W. Newman, Esq., appeared for plaintiff, Edith Johansen Eglin. Richard B. Conklin, Esq., appeared for the defendant, Tony Jafolla.

The Court, having heard the testimony of the parties, considered the memoranda of counsel, and examined the authorities, makes the following:

## FINDINGS OF FACT

1) Defendant did not receive from plaintiff the water bill of $10.00.

2) Defendant did not pay the rent owing on June 15, 1967.

3) Defendant gave timely notice of his exercise of his option to renew the lease.

4) Defendant has made an offer and tender of all sums now allegedly owing to plaintiff under the terms of the lease.

## CONCLUSIONS OF LAW

1) The failure of defendant to pay the $10.00 water bill is not a sufficient basis to terminate the lease for breach of covenants, where the defendant did not receive notice that any sum was owing.

2) The failure of defendant to pay the rent due on June 15, 1967, and subsequent rents, does not afford a basis to terminate the lease, where defendant has made an offer and tender of the amounts owing, and where plaintiff, by her own actions, manifested that she would not accept such payments under the lease, having refused to accept defendant's exercise of his option to renew.

3) That upon payment of all sums due plaintiff under the lease to date, defendant will have properly exercised his option to renew the lease, and will stand as a tenant for an additional term of two years, effective June 15, 1967.

## JUDGMENT

It is therefore ORDERED, ADJUDGED and DECREED that upon defendant's payment, on or before August 25, 1967, of all sums now due under the lease, defendant may continue to occupy the premises pursuant to the lease.

Judgment is accordingly entered for defendant with costs, and attorney's fee in the sum of $50.00.